# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 11-622V
### (Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| SUSAN CHESSY, | |
|                Petitioner, | Filed: June 3, 2014 |
| v. | Decision by Stipulation; Attorneys' Fees & Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
|                Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Peter Meyers*, National Law Center, Washington, DC, for Petitioner

*Claudia Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent

### **ATTORNEYS' FEES AND COSTS DECISION**[1]

      On September 28, 2011, Petitioner Susan Chessy filed a petition seeking compensation under the National Vaccine Injury Compensation Program. On November 26, 2013, the parties filed a stipulation detailing an amount to be awarded to Petitioner. That same day, a decision was issued finding the parties' stipulation to be reasonable and granting Petitioner the award outlined by the stipulation.

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by 42 U.S.C § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. To do so, Vaccine Rule 18(b) permit each party 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  Otherwise, the decision will be available to the public. Id.

      On June 3, 2014, counsel for both parties filed another joint stipulation, this time regarding attorneys' fees and costs. The parties have stipulated that Petitioner's counsel should receive a lump sum of $21,628.27 in the form of a check jointly payable to Petitioner and Petitioner's counsel. This amount represents a sum to which Respondent does not object. In accordance with General Order #9, the stipulation also includes a statement that Petitioner incurred $371.73 in reimbursable costs in pursuit of her claim.

      I approve the requested amount for attorneys' fees and costs as reasonable. Accordingly, an award should be made in the form of a check jointly payable to Petitioner and Petitioner's counsel, Peter H. Meyers, in the amount of $21,628.27. A separate award should be made in the form of a check payable only to Petitioner in the amount of $371.73. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

      **IT IS SO ORDERED.**

      /s/ Brian H. Corcoran
      Brian H. Corcoran
      Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing (jointly or separately) notices renouncing their right to seek review.